## CITY COUNCIL v. ASHLEY PHOSPHATE COMPANY.

Under the constitutional provision authorizing the establishment of "such municipal and other inferior courts as may be deemed necessary," the general assembly had the right to establish the City Court of Charles-

ton with jurisdiction over causes arising under the ordinances of the city, involving an amount not exceeding $10J, the recovery of a larger amount being by the constitution vested exclusively in the Court of Common Pleas. A statute which conferred upon such city court jurisdiction over causes arising under the city ordinances, must therefore be construed, in the light of the constitution, to embrace only such causes as involved an amount not exceeding $100.

Before ACTING RECORDER SASS, Charleston, April, 1889.

Action by the city council of Charleston against The Ashley Phosphate Company, commenced in January, 1889. The opinion states the case.

*Messrs. Charles Inglesby* rnd *J. P. K. Bryan*, for appellant.

*Messrs. J. F. Ficken* and *Mitchell & Smith*, contra.

April 21, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The city council of Charleston, appellant, brought the action below to recover from the respondent (a phosphate mining company) the sum of $500, the amount of a license fee imposed by ordinance of the council upon such companies, and alleged not to have been paid. The action was brought in the city court, and at the hearing the defendant interposed an oral demurrer, on the ground that the court had no jurisdiction, because the amount sued for exceeded $100. The recorder sustained the demurrer and dismissed the complaint with costs.

The appeal questions the correctness of the ruling of the recorder, and it involves, first, the construction of section 2127 of General Statutes, creating the city court, wherein it is stated that the jurisdiction of said court is limited to the trial of causes arising under the ordinances of the city council of Charleston. What is the true meaning of this section? Did the legislature intend thereby to confer jurisdiction to the full extent of any and all ordinances, whether involving more or less than $100, or was it meant to confer jurisdiction under such ordinances only as involved $100, in harmony with other inferior courts? When sections 15 and 22, art. IV., of the Constitution, are construed

together—and they must be so construed so as to reach the mind of the legislature in this matter—we are of the opinion that the legislature would have no power to create an inferior court with jurisdiction in civil actions greater than $100. Section 15 expressly provides that the Court of Common Pleas should have exclusive jurisdiction in all civil actions, etc., "which shall not be cognizable before justices of the peace," and section 22 limits the jurisdiction of justices of the peace to $100.

It is true, the constitution also provides that "the general assembly may establish such municipal and other inferior courts as may be deemed necessary," but at the time of the adoption of this constitution no other courts were deemed absolutely essential, except those mentioned therein; and the constitution having provided that in so far as the inferior court contemplated therein, to wit, the justice of the peace court, was concerned its jurisdiction should be limited to $100, thereby declaring, in effect, that the jurisdiction of the Court of Common Pleas should be exclusive above that sum, we can hardly suppose that it was the intent of the framers of the constitution, in giving power to the general assembly to create other inferior courts, to authorize the creation of courts with jurisdiction in conflict with that exclusive jurisdiction already given to the Court of Common Pleas. We think, therefore, that it would be the exercise of unconstitutional power on the part of the general assembly to attempt to create an inferior court with jurisdiction in civil cases over $100.

We cannot suppose, therefore, that the general assembly intended to confer such jurisdiction on the city court of Charleston. Section 2127, *supra*, limits the jurisdiction of this court to the trial of causes arising under the ordinances of the city council of Charleston, but it does not say under every and all ordinances of said council. This section must be construed with section 15, art. IV., of the Constitution, *supra*, conferring jurisdiction on the Court of Common Pleas, and section 22, art. IV., as to justices of the peace; the effect of the two, as we have seen above, being that exclusive jurisdiction belongs to the Court of Common Pleas as to all courts in civil actions above $100, except so far as the constitutional jurisdiction of the Probate Court in matters especially intrusted to that court may to some extent

modify. So that we conclude that the creation of the city court of Charleston was authorized by that provision of the constitution, empowering the general assembly to create municipal and other inferior courts; and in conferring jurisdiction upon that court, the general assembly did not intend to invade the constitutional exclusive jurisdiction of the Court of Common Pleas. This leads to the conclusion that the recorder was right in sustaining the demurrer below, the amount sued for being over $100.

It is the judgment of this court, that the judgment of the City Court be affirmed.